El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
¿Interrumpió el término para apelar la moción de reconsideración y determinaciones de hechos adicionales que presentaron los peticionarios? Luego de analizar con detenimiento la controversia, contestamos en la afirmativa. Por los fundamentos que elaboramos a continuación, revocamos el dictamen del Tribunal de Apelaciones y devolvemos el caso a ese foro para que lo atienda en sus méritos.
*3 I
Este caso se remonta a una demanda sobre cobro de salarios instada por el Sr. José Morales Hernández y otros el 23 de junio de 1983. En esa demanda se intentaba obtener una indemnización por los salarios dejados de percibir por horas de almuerzo trabajadas y no pagadas. Los peticionarios trabajaban como croupiers para un hotel operado por Sheraton Puerto Rico Corporation. Hasta el 22 de noviembre de 1978, el dueño de las acciones de la hospedería era Sheraton Puerto Rico Corporation h/n/c Puerto Rico Sheraton Hotel, cuya compañía matriz era The Sheraton Corporation. Surge que mediante el contrato de compra de acciones titulado Stock Purchase Agreement, la corporación matriz, The Sheraton Corporation, vendió a San Juan Hotel Associates las acciones de la subsidiaria, Sheraton Puerto Rico Corporation. Entonces, San Juan Hotel Associates cambió el nombre de Sheraton Puerto Rico Corporation a San Juan Dupont Plaza Corporation y continuó haciendo negocios bajo el nombre de Dupont Plaza San Juan Hotel.
El 7 de julio de 1997, el foro primario emitió una sentencia en contra de San Juan Dupont Plaza Corporation h/n/c Dupont Plaza San Juan Hotel, y le condenó a pagar una indemnización de $605,397.66 por los salarios dejados de pagar y $75,674.70 por honorarios de abogado. Sin embargo, antes de poder cobrar la sentencia, San Juan Dupont Plaza Corporation h/n/c Dupont Plaza San Juan Hotel instó un procedimiento de quiebras que resultó en su insolvencia para responder por la cantidad adjudicada judicialmente.
Para poder cobrar su acreencia, el 11 de noviembre de 2003 el señor Morales Hernández y otros presentaron la demanda que nos ocupa contra The Sheraton Corporation, compañía matriz de la hoy denominada San Juan Dupont Plaza Corp. (antes The Sheraton Puerto Rico Corporation). Alegaron, entre otras cosas, que ella era responsable parcialmente por la indemnización concedida en la sentencia de *4 7 de julio de 1997, toda vez que, en virtud del contrato de compra de acciones, se comprometió a pagar los salarios y otros beneficios a los empleados de la corporación desde el 24 de enero de 1977 hasta el 23 de noviembre de 1978. Posteriormente, el señor Morales Hernández y otros enmendaron la demanda para incluir como parte demandada a Starwood Hotel & Resort Co. (Starwood Hotel), como dueña actual de las acciones de The Sheraton Corporation.
Luego de diversos trámites procesales, Starwood Hotel presentó una moción de desestimación por prescripción. En síntesis, alegó que la acción estaba prescrita debido a que las reclamaciones de salarios caducaron al transcurrir los tres años que dispone el Art. 1867 del Código Civil, 31 LPRA see. 5297, para esa clase de acciones. El señor Morales Hernández y otros presentaron una oposición en la que adujeron que la causa de acción no surge de una relación patronoempleado, sino de un contrato suscrito entre The Sheraton Corporation y San Juan Hotel Associates. Además, argumentaron que en ese contrato se creó una estipulación a favor de tercero al pactar que The Sheraton Corporation se haría cargo del pago de los posibles salarios adeudados hasta el 23 de noviembre de 1978. De esa forma, alegaron que la causa de acción no estaba sujeta al término trienal del Código Civil, sino al quincenal dispuesto para las reclamaciones personales que no tengan término especial. Art. 1864 del Código Civil, 31 LPRA see. 5294.
Starwood Hotels replicó a la oposición presentada por el señor Morales Hernández y otros. Expuso que no le es oponible la sentencia dictada en 1997 ya que no fue parte de ese pleito. Además, adujo que cualquier reclamación habida entre The Sheraton Corporation y San Juan Hotel Associates quedó extinguida en virtud de la Settlement Order No. 162 emitida por la Corte Federal para el Distrito de Puerto Rico, en la que The Sheraton Corporation fue relevada de cualquier reclamación de salario fundamentada en violación de las leyes laborales. El señor Morales Hernández y otros comparecieron nuevamente y reiteraron su reclamación en *5 virtud del contrato de compra de acciones. En cuanto a la orden federal, los peticionarios adujeron que esta no les aplicaba, ya que ellos no fueron parte en aquel pleito.
El 22 de septiembre de 2010, el foro primario emitió una sentencia sumaria mediante la cual declaró la demanda “sin lugar”. Entre otras cosas, concluyó que el contrato de compra de acciones no tuvo el alcance de formular una estipulación a favor de tercero. Fundamentó esa conclusión en que no surgía del acuerdo la intención de las partes de conceder al señor Morales Hernández y otros el derecho a reclamar el cumplimiento de lo acordado, elemento esencial para que el contrato se considere en beneficio de terceros. Por el contrario, ese tribunal determinó que la Cláusula N del referido contrato configuró una limitación al reclamo de salarios hecho por el señor Morales Hernández y otros, al pactarse que San Juan Hotel Associates no respondería de manera alguna por tales reclamaciones.
La sentencia del foro primario se notificó el 27 de septiembre de 2010. El señor Morales Hernández y otros presentaron el 13 de octubre de 2010 una “Moción de reconsideración y determinaciones de hechos adicionales”, en la que insistieron en sus alegaciones sobre la obligación contractual asumida por The Sheraton Corporation a favor de tercero. Esta última, a su vez, presentó una oposición a la moción de reconsideración en la que alegó que los fundamentos esbozados en la petición no satisfacían los criterios de la Regla 47 de Procedimiento Civil, 32 LPRAAp. V, por limitarse a repetir la teoría ya evaluada y adjudicada por el foro primario.
Consideradas las posturas de las partes, el 6 de diciembre de 2010 el foro primario emitió una resolución en la que expuso que, luego de evaluar las mociones presentadas por las partes, se declaraba “no ha lugar” la moción de reconsideración y de determinaciones de hechos adicionales que presentaron el señor Morales Hernández y otros.
Inconforme, el 5 de enero de 2011, el señor Morales Hernández y otros acudieron ante el foro apelativo intermedio *6 mediante un recurso de apelación. Starwoods Hotel presentó una moción de desestimación por falta de jurisdicción en la que alegó que la moción de reconsideración instada ante el foro primario no interrumpió el término para apelar. Inicialmente, el foro apelativo intermedio declaró la moción “no ha lugar” el 16 de mayo de 2011. Sin embargo, el 27 de junio de 2012, ese tribunal emitió una sentencia en la que desestimó el recurso apelativo por falta de jurisdicción. Determinó el Tribunal de Apelaciones que la moción de reconsideración y en solicitud de determinaciones de hechos adicionales no cumplió cabalmente con lo requerido por las Reglas de Procedimiento Civil. En particular, expresó que una mera repetición de las teorías adjudicadas mediante la sentencia que se impugna no es suficiente para cumplir con las Reglas 43 y 47 de Procedimiento Civil, 32 LPRA Ap. V. Además, sostuvo que el señor Morales Hernández y otros debieron presentar nueva prueba o formular nuevos argumentos para establecer claramente su derecho a la reconsideración del dictamen. Por lo tanto, el foro apelativo intermedio concluyó que la moción de reconsideración no tuvo el efecto de interrumpir los términos para recurrir en alzada porque no cumplió con los requisitos establecidos en las reglas procesales aplicables.
En desacuerdo, el señor Morales Hernández y otros acudieron ante este Tribunal y presentaron una petición de certiorari. Sostienen que el Tribunal de Apelaciones erró al desestimar la apelación por falta de jurisdicción. En esencia, plantean que la moción de reconsideración y determinaciones de hechos adicionales interrumpió el término para apelar la sentencia del foro primario.
El 31 de mayo de 2013, este Tribunal expidió el auto de certiorari. En su alegato, Starwoods Hotel reitera su postura de que la moción de reconsideración y determinaciones de hechos adicionales de 13 de octubre de 2010, era frívola y no interrumpió el término para apelar. Con el be *7 neficio de la comparecencia de ambas partes, pasamos a resolver la controversia procesal que nos ocupa.
II
En lo pertinente, la Regla 47 de Procedimiento Civil, supra, dispone:
La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada “sin lugar” y se entenderá que no ha interrumpido el término para recurrir.
Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 24 (2011); Castro v. Sergio Estrada Auto Sales, Inc., 149 DPR 213, 217 (1999). La Regla 47 de Procedimiento Civil, supra, establece un término de quince días para la presentación de la moción de reconsideración. Si se trata de sentencias el término es jurisdiccional, mientras que es de cumplimiento estricto si se trata de resoluciones y órdenes. íd.
En conformidad con la actual Regla 47 de Procedimiento Civil, supra, una vez se presenta una moción de *8 reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo intermedio. Ese término comienza a transcurrir nuevamente “desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración”. íd. Véase Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRAAp. V. Véanse, además: Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714, 719 (2011); Insular Highway v. A.I.I. Co., 174 DPR 793, 805 (2008); Lagares v. E.L.A., 144 DPR 601, 613 (1997).
La Regla 47 de Procedimiento Civil de 1979, 32 LPRA Ap. Ill (ed. 2001), fue enmendada en el 2009 para disipar una de las controversias que más frecuentemente se planteaban en los tribunales, a saber, cuándo debía entenderse interrumpido el término para recurrir, apelar o acudir en revisión una vez se presentaba una oportuna moción de reconsideración. Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 551.
Con esta Reforma se pretende imprimir certeza sobre cuándo el término para recurrir en apelación ha quedado interrumpido y promover de esta forma la economía procesal, al evitar que la parte perdidosa, ante la incertidumbre que existía de si se había interrumpido el término o no, presente un escrito de apelación que luego, ante las confusas divisiones interpretativas, podría considerarse prematuro o tardío [...] J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1371. Véase, además, R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, Lexis-Nexis de Puerto Rico, 2010, See. 4603, págs. 395-397.
La regla vigente establece que ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la regla. Cuevas Segarra, op. cit, pág. 1366. El tratadista Cuevas Segarra expresa que “salvo mociones escuetas y sin fundamentos de clase alguna, una mo *9 ción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla”. íd. Además, opina que “[n]o existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de la [moción de reconsideración] que puedan afectar el derecho de apelación”. íd.
Otro cambio que introdujo la Regla 47 de Procedimiento Civil de 2009, supra, fue exigir que la moción de reconsideración, aparte de ser presentada oportunamente, sea más específica. Ese nuevo requisito se incluyó para evitar “las mociones frívolas que generalmente dilatan la ejecución de los dictámenes judiciales”. Informe de Reglas de Procedimiento Civil, supra, pág. 552. Por consiguiente, el estándar de especificidad aplicable a las mociones de determinaciones de hechos y conclusiones de derecho adicionales se hizo extensivo a la Regla 47 de Procedimiento Civil. íd.
Por otro lado, la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, exige que si una parte pretende solicitar reconsideración y determinaciones de hechos adicionales, debe acumular ambas solicitudes en la misma petición. De esa forma, el tribunal podrá resolver esos asuntos de igual manera, mediante una sola resolución. La Regla 43.2 de Procedimiento Civil, 32 LPRAAp. V, expresa los requisitos de forma y los efectos de una moción de determinaciones de hechos adicionales:

Regla 43.2. Interrupción de término para solicitar remedios posteriores a la sentencia

La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales.
Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determi *10 naciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso.
Al igual que la moción de reconsideración, una moción presentada oportunamente al amparo de esta regla interrumpirá automáticamente los términos para recurrir en alzada, siempre que se cumplan las especificaciones que la propia norma establece. Dávila Pollock et als. v. R.F. Mortgage, 182 DPR 86, 95 (2011); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 879-880 (2007). Entre estas se requiere que toda solicitud de determinaciones de hechos adicionales constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y se funde en cuestiones sustanciales. Regla 43.2 de Procedimiento Civil, supra; Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 356-357 (2003); Andino v. Topeka, Inc., 142 DPR 933, 939-940 (1997). Según el criterio del profesor Cuevas Segarra, la moción que se presente al amparo de esta regla no puede utilizarse para introducir prueba que estuvo disponible en el juicio o traer nuevas teorías. Cuevas Segarra, op. cit., pág. 1261. No se debe perder de vista que los propósitos de la regla son permitir: (1) que el tribunal quede satisfecho de que atendió cabalmente todas las controversias y (2) que las partes y los foros apelativos estén informados de todos los cimientos de la decisión del Tribunal de Primera Instancia. Id., págs. 1260-1261. Véase, además, Andino v. Topeka, Inc., supra, pág. 938.
Ill
El señor Morales Hernández y otros arguyen que el foro apelativo intermedio erró al declararse sin jurisdicción a base de una interpretación equivocada de las Reglas 43 y *11 47 de Procedimiento Civil, supra. Sostienen que su moción de reconsideración estuvo fundamentada y aludió a los hechos específicos que estimaron probados, así como a las razones para reconsiderar el fallo emitido por el foro primario. Por consiguiente, argumentan que esa moción interrumpió el término para apelar o acudir en revisión. Luego de estudiar el asunto con detenimiento, concluimos que a los peticionarios Morales Hernández y otros les asiste la razón.
El foro apelativo intermedio determinó que la moción de reconsideración y determinaciones de hechos adicionales que presentaron el señor Morales Hernández y otros fue una mera repetición de los argumentos esbozados en otras mociones presentencia, por lo que no se cumplió con el requisito de especificidad que requieren las Reglas 43 y 47 de Procedimiento Civil, supra. Sin embargo, consideramos que ese criterio es impertinente para concluir que la moción incumplió con lo dispuesto en las normas procesales mencionadas.
Si bien los argumentos esbozados en la moción de reconsideración y determinaciones de hechos adicionales reiteraron aquellos que el foro primario evaluó en las mociones presentencia, en esa ocasión estos iban dirigidos a influir en la conciencia del juzgador para que cambiara su fallo o realizara determinaciones de hechos más detalladas que permitieran una mejor revisión judicial.
En las primeras páginas de la moción en controversia se indicó que el foro primario erró al considerar la moción de desestimación por prescripción que presentó la parte demandada como una moción de sentencia sumaria, sin permitir que los demandantes condujeran un descubrimiento de prueba adecuado. Apéndice, págs. 238-239. Además, en la moción que nos ocupa se señaló con precisión la comisión de, alegadamente, cinco errores en la aplicación del derecho. Por ejemplo, se alegó que el foro primario: (1) no interpretó el contrato de compra de acciones conforme lo *12 resuelto en Rosario v. Dist. Kikuet, Inc., 151 DPR 634, 644 (2000); (2) ignoró las gestiones múltiples que los demandantes han llevado a cabo para cobrar la acreencia contra Sheraton Puerto Rico Corp.; (3) erró al concluir que el Settlement Order 162 disponía de la reclamación en contra de Starwood. Apéndice, págs. 239-241.
Nos parece que la moción de reconsideración fue lo suficientemente específica como para interrumpir el término para apelar. Requerir la presentación de nuevas teorías jurídicas, como parece sugerir la sentencia del foro apelativo intermedio y la opinión disidente en este Tribunal, es un requisito reñido con el propósito que introdujo la Regla 47 de Procedimiento Civil de 2009, supra. Informe de Reglas de Procedimiento Civil, supra, pág. 551; Cuevas Segarra, op. cit., pág. 1366; Hernández Colón, op. cit. Como mencionamos anteriormente, la especificidad es el criterio rector que debe evaluarse al momento de determinar si una moción de reconsideración interrumpió el término para apelar o acudir en revisión. Id.
Por otra parte, a partir de la pág. 4 de la moción en controversia, el señor Morales Hernández y otros solicitaron con especificidad que el foro primario realizara ocho determinaciones de hechos adicionales. Entre ellas, cabe mencionar las siguientes: (1) que veintiocho empleados croupiers trabajaron en el hotel mientras el patrono corporativo se denominaba Sheraton Puerto Rico Corporation, es decir, hasta el 23 de noviembre de 1978 y, posteriormente, continuaron trabajando en el hotel con el mismo patrono bajo su nuevo nombre San Juan Dupont Plaza Corporation; (2) que la reclamación de este caso se limitaba al periodo entre el 24 de enero de 1977 y el 23 de noviembre de 1978, periodo por el cual The Sheraton Corporation es responsable por el pago de la penalidad por el periodo de tomar alimentos trabajados por los croupiers, y (3) que los demandantes no fueron demandados en el pleito federal Civil Núm. MDL-721, aun *13 que algunos figuraron como demandantes y la Settlement Order 162 no les aplicaba de forma alguna. Apéndice, págs. 250-253. En ese sentido, la moción cumplió con el estándar de especificidad que requiere nuestra jurisprudencia. Dávila Pollock et als. v. R.F. Mortgage, supra, pág. 95; S.L.G. Szendrey-Ramos v. F. Castillo, supra, págs. 879-880; Carattini v. Collazo Syst. Analysis, Inc., supra, págs. 356-357; Andino v. Topeka, Inc., supra, págs. 939-940.
El Tribunal de Apelaciones concluyó que esas determinaciones adicionales eran “proforma” porque algunas de ellas ya se habían presentado ante la consideración del foro primario. Sentencia del Tribunal de Apelaciones, págs. 19-24, Apéndice, págs. 384-389. Es decir, el foro apelativo intermedio no reconoció un efecto interruptor a la moción porque en ella no se presentaron teorías nuevas. Al concluir de esa forma, el Tribunal de Apelaciones se apartó del criterio rector que guía nuestra jurisprudencia en este tema: la especificidad.
En este caso, es insoslayable concluir que la presentación de la moción de reconsideración y determinaciones de hechos adicionales fue lo suficientemente específica, por lo cual interrumpió el término para apelar conforme a las Reglas 43.2, 47 y 52.2 de Procedimiento Civil, supra. En consecuencia, el foro apelativo intermedio contaba con jurisdicción para atender los méritos del recurso. Concluir lo contrario implicaría regresar a la incertidumbre que creaba la antigua Regla 47 de Procedimiento Civil de 1979, supra, con respecto a cuándo se entendería interrumpido el término para apelar o acudir en revisión. Informe de Reglas de Procedimiento Civil, supra, pág. 551; Cuevas Segarra, op. cit., pág. 1366. Procede, entonces, devolver el caso al Tribunal de Apelaciones para que lo atienda en sus méritos, ya que tiene jurisdicción para ello. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408 (2009).
*14 IV
Por los fundamentos expuestos, se revoca la determinación del Tribunal de Apelaciones y se devuelve el caso a ese foro para que lo atienda en sus méritos.
La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado sin opinión escrita. La Jueza Asociada Señora Pabón Charneco disintió con opinión escrita.